State v. Grace

STATE OF NORTH CAROLINA v. JAMES WILLIE GRACE

No. 7814SC294

(Filed 29 August 1978)

1. Criminal Law § 29— finding of competency to stand trial—supporting evidence

The evidence supported the trial court's determination that defendant was competent to stand trial where a doctor who examined defendant on two occasions testified that, in his opinion, defendant was competent to stand trial notwithstanding his apparent confusion as to the particular grade of the charged offenses.

2. Criminal Law § 113.1— instructions—no statement of fact not in evidence

In a trial of defendant upon three charges of felonious assault with intent to kill, the trial court's statement in its recapitulation of the evidence that "various police officers at various times reported to the scene and that additional shots were fired, and that a search was commenced for the defendant" did not constitute a statement of a material fact not in evidence that shots were fired at police officers at the scene of the incident where the court had clearly stated in an earlier portion of its recapitulation of the evidence that only three shots were fired by defendant on the occasion in question.

APPEAL by defendant from *Albright, Judge.* Judgment entered 22 September 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 August 1978.

Defendant was charged in three separate bills of indictment with the crime of felonious assault with intent to kill. He entered a plea of not guilty by reason of insanity to all the charges.

The State offered evidence at trial tending to show that on the night of 22 December 1976, William Brown, Damon Singleton and Thomas Lennon were standing in front of a store on the corner of South Street and Enterprise Street in Durham when defendant, standing across the intersection from the store, pulled a pistol from his field jacket and fired it three times in their direction. One of the shots struck a water cooler next to which Brown was standing. Defendant then proceeded down Enterprise Street and was overheard by State's witness Johnson to say, "If they can do it I can do it too" or words to that effect. Officer Reed investigated the incident and stated that upon approaching defendant's home, he heard the back door slam and later heard what he thought was gunfire. The day following the incident Officer Rigsbee went to defendant's home and while there, seized a U. S. Army field jacket with defendant's last name over the pocket.

Defendant's evidence tended to show that during the month preceding 22 December, defendant's behavior had been abnormal. Defendant had eaten dog food on occasions stating that he was a dog. He had told his mother that he saw dogs running through the house and that she changed size before his eyes, neither of these incidences having in fact occurred. Dr. Billy Royal, an expert in psychiatry, testified that in his opinion such activity was consistent with mental illness causing one not to know the nature and quality of his acts or the difference between right and wrong.

The jury returned a verdict of guilty of three charges. From judgment imposing three consecutive eight (8) to ten (10) year sentences, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Douglas A. Johnston, for the State.*

*Gene Dodd, for the defendant.*

MARTIN, Judge.

[1]   Prior to trial, and pursuant to defendant's motion, a hearing was conducted to determine defendant's mental capacity to stand trial. At the close of the evidence, the trial court made findings of fact and based on these findings concluded "that the defendant is competent to stand trial and has the capacity to proceed in the trial of these actions." Defendant assigns error to the court's ruling contending that the court in reaching its decision confused the proper test of a defendant's competence to stand trial with the test for determining a defendant's mental capacity to commit a criminal act.

The proper test for determining a defendant's competence to stand trial is succinctly stated by our Supreme Court in *State v. Willard,* 292 N.C. 567, 234 S.E. 2d 587 (1977):

"The test of a defendant's mental capacity to proceed to trial is whether he has the capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed." (Citation omitted.)

The trial court's findings of fact thereon, if supported by competent evidence, are conclusive on appeal. *State v. Willard, supra; State v. Cooper,* 286 N.C. 549, 213 S.E. 2d 305 (1974).

In the instant case, the evidence adduced at the competency hearing indicated that defendant was evaluated regarding his competence to stand trial on 21 January and 4 March 1977. He was then considered competent to stand trial by the examining doctor. Defendant was again examined in July 1977 and late August 1977, three weeks prior to the subject hearing. It was the opinion of the examining doctor that on each of these latter occasions defendant was competent to stand trial notwithstanding his apparent confusion as to the particular grade of the charged offenses. The above responses of the expert witness were elicited by inquiries directed to defendant's competence to stand trial in terms substantially identical to those approved in the *Willard* case. We are of the opinion that there was sufficient competent evidence from which the trial court could find as it did. This assignment of error is overruled.

[2] Defendant next contends that the trial court erred in its recapitulation of the evidence to the jury. He argues that the trial court referred to a material fact not in evidence. We cannot agree.

Defendant excepted to the following portion of the court's recapitulation of the evidence:

"That various police officers at various times reported to the scene and that additional shots were fired, and that a search was commenced for the defendant. . . ."

Defendant argues that the implication of the challenged portion of the charge is that shots were fired at police officers at the scene of the incident. Although concededly inartfully worded, we cannot perceive of any prejudice to defendant arising therefrom. The recapitulation of the evidence clearly states, at an earlier point, that only *three shots* were fired by defendant while he was standing across from the store. This assignment of error is overruled.

Defendant's remaining assignment of error is without merit. In the trial we find no prejudicial error.

No error.

Judges VAUGHN and MITCHELL concur.